Good morning. My name is Joseph Grube for the appellant, Vincent Trulson. I'll try to be brief. We've tried to be brief in our brief. Our position is that the application of res judicata was inappropriate in this case because it was a new claim occurring following new events, essentially an assault that occurred after the initial claim was filed. We point to the error of the district court essentially of not reviewing the record or the hearing record that was conducted by the ALJ and yet still determining as a matter of law that this was the same claim and these were arising out of the same facts. The assault had happened at the time of the hearing in the first case, correct? The assault had happened but the claim wasn't based on that information. The claim was based and was decided based on the 1999 application. So you can withhold information in the first hearing if you don't like the outcome, you come back in the second new claim? Well, I don't think you can withhold information if it existed or was a basis of your initial claim, but the question presented in the first hearing was whether or not Mr. Trulson was disabled as of 1999 when he filed the application for benefits. That couldn't have been the question. The assault could not have been the question presented back then. It had not happened. So all that was at issue in the first proceeding was whether he was disabled as of 1999 and nothing to do with his current state. Well, continuing forward since 1999, but whether as of the date of filing the claim, I mean that's the issue that's reviewed by the ALJ, whether the denial of the claim was appropriate based on the information presented in the 1999 claim. I'm not saying he couldn't have presented this information in 2002 at the hearing, which he did not attend, but I don't believe he was obligated to because that wasn't the basis for his, that wasn't the only basis for his disability claim and he had not actually made the second claim. Isn't that kind of hiding the ball, though, counsel? I mean you've got to, saying your client's disabled, why wouldn't you tell the ALJ everything that you had that you thought indicated that he was disabled? Well, I mean, obviously I think that would be... I know you didn't do it. Yeah, I agree that would be the prudent practice and of course, you know, if you were, didn't want to be here and dealing with this issue, you know, that's what you would do, but at the same time, it's not really hiding the ball because in this case, you had, and not to get into the lawyers involved, but you had a claim filed in 1999, the medical evidence that had occurred in 1999, and this other event, pardon me, essentially an assault occurred. Well, whether or not the attorney representing the claimant, or frankly even the claimant knew how that had contributed to his disability, there's no evidence of an intent to essentially wait and see if we can try this again, if it doesn't work, and in fact, that first claim was pursued vigorously through the appeals council and ultimately not denied until... To get back to your problem, it seems that... How can the ALJ on the second time around determine that race judicata applies without at least partially reviewing what was determined in the first hearing? Otherwise, how do you know what race was adjudicated? The record would have to be reviewed, but this was not just a review of the record, this was a hearing. I understand that, but at least according to the government, the purpose of that was to determine what had been decided before, and with the determination that you were really basically plowing the same ground and therefore race judicata applied. How else could it have been done? Well, I think looking actually at the medical evidence that had been submitted in the first claim and was the basis of the second claim, and that wouldn't have required a hearing. That wouldn't have required... Because I reviewed the record, but the fact is if the ALJ decides to determine by way of a hearing what had occurred before, there's nothing wrong with that, is there? There's nothing... I mean, no. The ALJ has to obviously, to apply race judicata, you have to know what happened before, at least have an idea of it. You've got to know what the race is. But the... The race is not to the swift or the strong, but he that endureth to the end. But this, and I think I put this on the brief, this creates the circular argument, essentially, that the ALJ can have a hearing, whatever result, either not disabled or whatever, and then essentially after the full hearing has occurred, the vocational testimony, the medical testimony for a second time has occurred, then claim, well, it's just race judicata, and we're not going to get to the merits because you're saying it's the same thing, and then really essentially the only way to review that would be to argue a constitutional violation. I'm interested in your view of whether Califano v. Sanders and its progeny have taken away our ability to review the merits of your claim, and I know that seems counterintuitive, but it seems that at least one or two other circuits have viewed it that way. I do think that that is a... I don't conceive that as a hurdle, that it makes it harder to review this claim, but it almost, without essentially reviewing the record, I guess I get back to we're left with was there a de facto reopening, I think. Califano was a motion to reopen, was it not? Your Honor, I don't remember. If it were a motion to reopen, that's a discretionary decision of the commissioner, correct? Yes. So it's a discretionary. I think Califano says because it's discretionary, we don't have a jurisdiction to do that, but this was not presented as nor treated as a motion to reopen, was it? Exactly. And it wasn't expressly denied as a motion. I mean, it wasn't treated in any way as a motion to reopen, and our position is because it was reopened, and then ultimately the analogy would be going back in time or essentially deciding, well, it wasn't reopened and we'll apply res judicata instead. So that brings me back to your opening then. You said that you didn't lie in the weeds on this, but the fact is he was trying to say that he had an onset of disability that predated his date last insured. Yes. That was his claim, right? And his date last insured was December 31, 2001. Correct. Presented one set of circumstances as to why his current disability had occurred before his date last insured, correct? That was the first claim. So now he comes back and he goes through that and he loses. Now, it wasn't brought as a motion to reopen, but it was evidence, it was information about an event that happened before his date last insured. So that's what I'm having a little difficulty saying. Why isn't this something that was at issue, could have been litigated, should have been litigated in the first presentation? I have not seen it. I don't think the government has cited any cases that require that. And I guess clearly if he had had the hearing and been denied and then the next week been in a horrible auto accident and hadn't been before the end of his date last insured, there would be no argument that somehow this has all been adjudicated and every new Social Security claim that comes after you've been adjudicated not disabled is a motion to reopen. This information, and expressly in the ALJ's 1999 opinion, is based on the 1999 information. That's what was presented to him. But the hearing happened after the assault, is that correct? Yes, it did. And? And it was based, as pointed out, the claimant decided, or because of his health, claimed he could not attend the hearing and requested just essentially a review on the records that had been presented at that time. So I don't think any cases have stated that a worsening of a condition is required to be brought up in the hearing based on the initial claim. Obviously, I think that's the more practical matter, but I don't think it's required in the harsh application of res judicata in this case. This is not equitable. If I could just save a minute or two. Yes, you may. Mr. Rodriguez? Good morning, Your Honors. This case revolves around whether or not the district court properly affirmed the commissioner's dismissal of this case based on res judicata grounds. I'd like to submit that it was properly done and that the reasons for finding res judicata was that when he filed his second claim, he alleged basically the same onset date of disability, not alleging any new claims. This issue concerning this alleged assault that occurred prior to the first hearing, the appellate had many opportunities to present that evidence to that first judge. He didn't do so. That case is administratively final. The appeals counsel again didn't produce that evidence to the appeals counsel. Counsel, how does the government respond to Gregory v. Bowen? Doesn't that say that if the government de facto opens, reopens the hearing that you can't apply res judicata? Actually, Your Honor, I believe that Krumpelman, which is a case in opposite to Gregory's, states that the ALJ has an obligation to review the record to ensure that the claims are the same. So reviewing the previous… Well, Krumpelman was 85 and Gregory v. Bowen was 88. So wouldn't Gregory be the later statement of law in this circuit? It is, but it hasn't overruled Krumpelman, which states that the ALJ has a right to review the record to ensure that the claims are the same, and that would be consistent with the application of res judicata. Why didn't the government, or rather, why didn't the ALJ just look at the record as was suggested by opposing counsel? Why did he have to go through the whole review of all the evidence again? That would have been an opportunity for the appellant to provide the additional evidence or to indicate that there was either a new impairment that existed prior to his date last insured. In other words, giving him every chance to establish… Aren't you kind of splitting the baby there? I mean, on the one hand, you're claiming res judicata, and on the other hand, you're saying the government, or rather, the petitioner has an opportunity to present new evidence about new problems. Those are two different issues, aren't they? Yes, it is. Which is it? Is it res judicata because you can't even get to the second one, or is it a hearing that gives the complainant an opportunity to present new evidence, in which case the government has, in effect, through the ALJ, reopened the hearing on its own accord under Gregory? Well, in order to give the applicant every benefit of the doubt, an opportunity to avoid res judicata, the ALJ can hold a hearing to determine whether or not res judicata applies, and that's set forth in the regulations. What is the ALJ looking for? This comes back to the… The ALJ… Council, which is that he had only to present to the ALJ in the first hearing evidence to show his onset of disability or date last insured, not information that would show a worsening of condition that was triggered by an event predating the hearing. And as I understand you to be saying, that was the purpose that the ALJ could look at evidence in the second round to see whether or not the information about the disability that was being presented in the new proffer had already been or apparently under the government's view could have been presented. So can you sort out what should have been and what was open to the petitioner claimant at the original hearing? Did he have an obligation to bring forward the assault? Yes, Your Honor. Under 42 U.S.C. 405G, the claimant has an obligation to bring to the attention of the ALJ everything that will establish disability on his part. If he doesn't have the ability to get it, then he should at least advise the ALJ that the evidence is in existence and the ALJ then has a duty to develop the record and try to obtain that evidence. In this case, that didn't happen. So when he failed to appear for his hearing and the ALJ issued a decision finding him not disabled, his next opportunity was to provide that evidence to the Appeals Council on his request for review. He didn't do that during that request for review and therefore that first decision became administratively final. The fact that this assault had occurred, the ALJ and the Appeals Council weren't aware that it had happened. So once they made their decision, that was final. Upon filing the second application, then he would have had to establish or give reasons for why we should reopen that initial hearing and it's the Commissioner's position that he didn't do so. This was not brought as a motion to reopen. A motion to reopen, the only way this can be presented, apparently not because it was not treated as a motion to reopen. It was treated as a second and new proceeding. The application can be treated as a request to reopen any previous one if the ALJ is so inclined to do so. In this case, the ALJ didn't do that. I didn't understand the... The second application... Could have been treated... Could have been treated as... But it was not. But it was not. Okay. So the extent Califano arises out of a motion to reopen, discretionary act, a point of distinction... There's a point of distinction between that, which is a discretionary denial, and what went on here, which is treating it as a new application but barred by race judicial. Absolutely, Your Honor. Califano states that the review is limited to final decisions of the commissioner as consistent with the act. And in this case, on the dismissal, that would be barred from judicial review. But not because it deals with a motion to reopen, but because, in your view, it's not considered final. Yes.  I'm trying to remember what the reasoning was. I don't recall it. Okay. But are you saying what's before us today is not a final decision? Right. The dismissal is not a final decision. Therefore, it shouldn't be reviewed. So we shouldn't be looking at this case at all? Yes. You're asking us to dismiss the appeal? Is that the relief that you're seeking? That is our requested relief, yes. Is that what you requested in your brief? To dismiss this appeal. Yeah. I know you argued the race judicata, but your second point that the second hearing was not final, is that what you said? Yes. So are you saying you want us to dismiss it because it's race judicata based upon the first hearing, or are you saying that we can't review the second proceeding because that's not final? Well, for both reasons, Your Honor. It's race judicata, and it's not a final decision, so this appeal should be dismissed. So either way, from the government's perspective, there's just nothing to talk about? Yes. That's our position, at least. Anything further? No. Thank you, Your Honor. Thank you. Do you have some rebuttal time remaining? I've just got a couple seconds here. Oh, you guys managed this, right. There was no way this could have been treated as a petition to reopen at the time the second claim was filed because the Appeals Council had not issued a final decision. That decision, so this claim was filed in January of 2004. The first claims became final, or the decision on the first claim became final in July of 2004. Counsel, what's your position about what the government just said, that the second hearing is not, the decision is not final, and therefore we have no jurisdiction to review it because it's interlocutory? Well, of course, the longer a decision is not final, I guess it's more hopeful for a claimant, but I believe that district courts do have the jurisdiction to review applications of res judicata by administrative law. Again, that's a different issue. That deals with the first, whether the second hearing found that the first hearing was, the result was res judicata. I understand the government to be saying that whatever was decided in the second hearing wasn't final. I'm not sure whether the government is saying that the res judicata decision wasn't final, which is kind of an interesting argument, or whether they're just simply saying that there's some other element perhaps of any new evidence that was not final. I think the same, frankly, I think the result would be the same to the claimant because if it's not, I would agree with the government that if it was really a denial of a motion to reopen, then there's essentially no effective relief for a claimant in this particular case. Thank you, Counsel. We appreciate the arguments of both counsel, and the case just argued is submitted. The next case on the docket this morning is American Buddha versus the City of Ashland.
judges: Graber, Fisher, Smith